E-Filed 1/15/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG ELOFSON,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE BIVENS, et al.,<br><br>    Defendants. | Case No. 15-cv-05761-HRL<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND PERMISSION TO PARTICIPATE IN ELECTRONIC CASE FILING**<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED** |

Plaintiff Greg Elofson ("Elofson"), pro se, sues six individual defendants and the Community Memorial Hospital of Ventura County. Elofson alleges: (1) five of the individual defendants worked together in Arizona, as racketeers, to establish a fraudulent conservatorship and a fraudulent guardianship over Elofson's father; (2) the conspirators stole money from Elofson's father through the probate proceedings that occurred in Arizona; (3) at some point Elofson's father began to live with Elofson in California, and the conspirators used lies to convince the non-conspirator individual defendant, a Monterey County official, that Elofson had kidnapped his father; and (4) the conspirators had Elofson's father returned to Arizona so they could continue to fraudulently extract money from his estate. Elofson argues that the alleged conduct supports claims for kidnapping, human trafficking, racketeering, elder abuse, financial elder abuse, abuse of process, defamation, attorney malpractice, breach of fiduciary duty, infliction of emotional distress, and violation of the federal constitution. Dkt. No. 1 at 133-38. Elofson asks the court to void the probate proceedings and award money damages.

Elofson initially filed several of the same claims against several of the same defendants in the Central District of California. *Elofson v. Bivens et al.*, 2:15-cv-6332-PA-KS ("*Elofson I*"), Dkt. No. 1. The presiding judge denied an ex parte motion for injunctive relief due to a lack of meritorious allegations, a lack of personal jurisdiction, and improper venue. He also ordered

1  Elofson to show cause why the case should not be dismissed for lack of personal jurisdiction and
2  improper venue, *Elofson I*, Dkt. No. 8, and ruled that the appointment of counsel for Elofson
3  would be inappropriate because venue appeared inappropriate, personal jurisdiction appeared
4  lacking, and Elofson's legal theories had "numerous potential inadequacies[.]" *Elofson I*, Dkt. No.
5  10. Elofson dismissed his complaint shortly before the show-cause deadline. *Elofson I*, Dkt. No.
6  11.

Elofson filed a modified complaint with this court a few months later. Elofson moves for leave to proceed in forma pauperis ("IFP") and for permission to participate in electronic case filing ("e-filing"). Dkt. Nos. 3, 4.

## Discussion

A court may permit a litigant to proceed IFP if the court is satisfied that the litigant cannot afford to pay the filing fee. 28 U.S.C. § 1915(a). Elofson asserts in his IFP application that: (1) he has not held a job since June of 2006; (2) his assets include approximately $300 in a bank account and a fairly old car; (3) he spends approximately $1,800 per month on rent and food; and (4) he owes approximately $200,000 to Wells Fargo and Sallie May. Elofson also asserted, in the IFP application that he filed in his previous case, that by August of 2015 his bank account had fallen from a few thousand dollars to approximately $300. *Elofson I*, Dkt. No. 2 at 2. The court is satisfied that Elofson is unable to pay the filing fee in this case. The court therefore grants Elofson leave to proceed IFP.

Elofson asserts that he understands and shall comply with this court's rules for e-filing. Elofson also asserts that he holds a Juris Doctor. The court is satisfied that Elofson will comply with this court's e-filing rules. The court therefore grants Elofson permission to participate in e-filing.

The undersigned presently believes this case should be dismissed for improper venue. A district court may raise the issue of improper venue sua sponte if the defendants have not yet waived the issue. 28 U.S.C. § 1406(a); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Title 28 U.S.C. § 1391 governs where federal civil cases may be brought. A district is a proper venue under subsection (b)(1) if the defendants all live in the same state and at least one defendant

lives in that district. A district is a proper venue under subsection (b)(2) if "a substantial part of the events or omissions giving rise to the claim occurred" within that district or if "a substantial part of property that is the subject of the action is situated" within it. If venue is not proper anywhere under subsections (b)(1) or (b)(2), then venue is proper under subsection (b)(3) in any district that has personal jurisdiction over at least one defendant.

Elofson argues that subsection (b)(3) applies in this case because no state would be a proper venue under subsections (b)(1) or (b)(2)—the defendants do not all reside in the same state and, between California and Arizona, Elofson believes neither one "dominates the other" as the proper venue where the most "substantial part" of the events underlying this case occurred. Dkt. No. 1 at 11.

The undersigned disagrees. Elofson primarily alleges that racketeers "illegally acquired" the estate of his father and misappropriated assets from it. Dkt. No. 1 at 15, 89. The District of Arizona seems like a proper venue under subsection (b)(2), which would mean subsection (b)(3) does not provide an alternative basis for venue anywhere else, because properties situated within Arizona are central to Elofson's case. *E.g.*, Dkt. No. 1 at 17-18 (alleging that Elofson's father lived in Arizona when one of the defendants embezzled proceeds from the sale of real property in Arizona). The District of Columbia faced the same issue in a similar case and reached the same conclusion. *Perlmutter v. Varone*, 59 F.Supp.3d 107 (D.D.C. 2014). The plaintiff alleged a conspiracy to fraudulently misuse probate proceedings in Maryland in order to misappropriate assets from the estate of a victim who lived in Maryland. *Id.* at 109. The District of Columbia ruled that subsection (b)(3) did not provide a basis for venue in any district because the estate was, itself, a property that provided a basis for venue in the District of Maryland under subsection (b)(2). *Id.* at 113 ("The property at the center of this case is the estate of Perlmutter's mother, which by all indications was located in Montgomery County, Maryland."). The undersigned believes the estate of Elofson's father might be best understood for venue purposes as several distinct real and personal properties, rather than as a single collective property that resides with Elafson's father, but under either theory venue appears proper in the District of Arizona under subsection (b)(2).

Subsection (b)(2) also provides for venue in the District of Arizona for the independent reason that a "substantial part" of the events underlying each of Elofson's claims occurred within Arizona. Elofson's argument—there is no proper venue under subsection (b)(2) because no state "dominate[s]" as the location where the majority of underlying events occurred—misstates the law. Subsection (b)(2) "does not require that a majority of the events [underlying a claim] have occurred in the district where suit is filed, nor does it require that the events in that district predominate." *San Francisco Residence Club, Inc. v. Leader Bulso & Nolan, PLC*, 2013 WL 2050884 at *5, No. C-13-844-EMC (N.D. Cal. May 14, 2013) (quoting *Peterson v. Wash. Mut. Bank*, No. C-10-01462-JCS, 2010 U.S. Dist. LEXIS 144391 at *12-13 (N.D. Cal. July 29, 2010)); *e.g., Kaia Foods, Inc. v. Bellafiore*, 70 F.Supp.3d 1178, 1184 (noting that, for a trademark infringement claim, at least two distinct events may each be a "substantial part" of the underlying events). Each claim arises either fully or else substantially from racketeering that allegedly occurred within Arizona, and the undersigned therefore believes subsection (b)(2) provides for venue of this case in the District of Arizona.

The undersigned agrees with Elofson that subsection (b)(2) does not provide for venue in the Northern District of California, but not for the reason stated in Elofson's complaint. The majority of the claims in this case do not appear to arise from any events or omissions that allegedly occurred in this district and those claims do not involve property situated in this district. The principal claim in this case is racketeering—Elofson alleges that racketeers schemed within Maricopa County, Arizona in order to mislead local judges and misappropriate assets from Elofson's father, who also lived in Arizona, Dkt. No. 1 at 15-18. The majority of Elofson's claims depend on the same underlying racketeering allegations: (1) claims one through eight, along with claim twelve, depend on allegations of when the racketeers lied to the probate court and how the racketeers misappropriated money in the course of the probate proceedings, Dkt. No. 1 at 54-86, 90-94; (2) claims nine, ten, fifteen, and twenty are for alleged tortious acts committed in Arizona either as part of the probate proceedings or else in order to further the racketeering scheme, Dkt. No. 1 at 86-88, 121-129, 133; (3) Elofson argues in claims eleven and thirteen that fraudulent acts committed by three of the racketeers in the course of the probate proceedings rise to the level of

4

1    elder abuse and human trafficking, Dkt. No. 1 at 88-90, 93-117; (4) claim fourteen is for the civil
2    remedy against the racketeering scheme that has allegedly existed within Arizona for several
3    years, Dkt. No. 1 at 117-121; (5) claim fifteen is against two racketeers for abuse of process in the
4    course of the probate proceedings, Dkt. No. 1 at 121-129; and (6) claim nineteen depends on
5    alleged acts that occurred within Arizona after Elofson's father returned to it, Dkt. No. 1 at 132.
6    These acts occurred almost exclusively within Arizona.  A few other claims depend on events or
7    omissions that occurred outside of Arizona, but claim sixteen appears to be the only claim based
8    on alleged events or omissions that happened within the Northern District of California. Claim
9    sixteen is brought against a Monterey County official for a decision that allegedly violated the
10   federal constitution, but the merits of that constitutional claim do not appear to depend on the
11   merits of any allegations against any racketeer defendants.  The undersigned therefore believes,
12   for the majority of Elofson's claims, that subsection (b)(2) does not provide for venue in this
13   district—no relevant property is situated in this district and no substantial part of the events or
14   omissions underlying those claims occurred here.  This district has repeatedly ruled that venue
15   must be proper as to each individual claim, or else venue is altogether improper and the case
16   should ordinarily be either dismissed or transferred.  *E.g.*, *Kaia*, 70 F.Supp.3d 1178, 1183 (N.D.
17   Cal. 2014).  Venue is therefore improper for this case if, as the undersigned believes, venue is
18   improper for most of Elofson's claims.

19   The undersigned notes that this district recognizes a doctrine of pendent venue: if "the
20   principal claim" in a case is properly venued and if the improperly venued claims are "closely
21   related" to the principal claim, then the court has discretion to retain the improperly venued case.
22   *Id.* (citing *Adobe Systems, Inc. v. Childers*, 2011 WL 566812 at *7 (N.D. Cal. Feb. 14, 2011));
23   *Martensen v. Koch*, 942 F.Supp.2d 983, 998 (N.D. Cal 2013) (collecting cases); *accord Shari's*
24   *Berries Intern., Inc. v. Mansonhing*, 2006 WL 2382263 at *3, No. 2:6-cv-768-GEB (E.D. Cal.
25   Aug. 17, 2006); *Beattie v. United States*, 756 F.2d 91, 103 (D.C. Cir. 1984).  A court may
26   determine whether to extend pendent venue from a properly venued principal claim after
27   considering "the principles of judicial economy, convenience, avoidance of piecemeal litigation,
28   and fairness to the litigants." *Martensen*, 942 F.Supp.2d at 998.  The undersigned does not believe

5

he has discretion to retain this case under the doctrine of pendent venue, however, because the principal racketeering claim is not properly venued in the first place.

The undersigned also notes that the "locus of injury" may be relevant to whether a venue is proper for a claim based on tortious conduct. *Martensen*, 942 F.Supp.2d at 998. The locus of injury seems to lie squarely within the borders of Arizona for most of the claims raised by Elofson. As previously discussed, the majority of Elofson's claims depend on allegations of how racketeers schemed within Arizona to misappropriate assets from Elofson's father, a man who resided in Arizona. Elofson alleges, at best, that he has standing to raise certain claims because financial injuries inflicted on Elofson's father also "directly harmed" Elofson's "reversionary interest" in his father's estate at a time when Elofson resided in California. Dkt. No. 1 at 87. Perhaps Elofson has standing to raise some claims on behalf of his father, but the undersigned nevertheless believes the locus of injury for those claims is the location where the victim suffered injury rather than wherever the victim's potential heirs happened to live at the time.

The court addresses one final issue: Elofson asserts that "*Forum Non Conveniens* analysis" weighs in favor of permitting him to file this case somewhere in California rather than in the District of Arizona because the probate court of Maricopa County issued a fiduciary arrest warrant against him. He argues both that the arrest warrant is invalid under Arizona law and that it would be difficult to litigate his claims while incarcerated. Dkt. No. 1 at 12-14. Elofson misunderstands forum non conveniens—that doctrine provides a judge with discretion to dismiss a case from a proper forum when "litigation in a foreign forum would be more convenient for the parties." *See Lueck v. Sundstrand Corp.*, 236 F.2d 1137, 1142 (9th Cir. 2001). It does not provide a basis for Elofson's argument that this district is a proper forum.

The undersigned therefore presently believes this district is an improper forum for this case under any theory that Elofson might raise.

**Conclusion**

The court grants Elofson leave to proceed IFP and permission to participate in e-filing. The undersigned believes the Northern District of California is an improper venue for this case. The court therefore orders Elofson to appear in Courtroom 2 on the Fifth Floor of the United

1  States District Court at 280 South First Street, San Jose, California on February 16, 2016 at 10:00
2  a.m. to show cause, if any, why this case should not be dismissed for improper venue.  Elofson
3  shall also file a statement in response to this order no later than February 12, 2016.
4  **IT IS SO ORDERED.**
5  Dated: 1/15/16

_____
HOWARD R. LLOYD
United States Magistrate Judge