UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREG STEVEN ELOFSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHANIE BIVENS, et al.,<br><br>    Defendants. | Case No. 15-cv-05761-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 24] |

Plaintiff Greg Steven Elofson, proceeding pro se, seeks leave to file a motion for reconsideration of this Court's order denying his application for a temporary restraining order ("TRO"). Plaintiff's TRO application described the circumstances under which the Arizona superior court appointed Defendant Stephanie McCollum as the guardian and conservator of Plaintiff's father, Milo Elofson, and reflected Plaintiff's desperate concerns regarding Milo's health and well-being under McCollum's aegis. Plaintiff sought a TRO that would, among other things, enjoin McCollum from exercising her powers as Milo's guardian and conservator and require her to disclose Milo's location and medical status. The Court denied Plaintiff's TRO application based upon its conclusion that Plaintiff had not shown a likelihood of success on the merits of the claims in his complaint. Because Plaintiff has not demonstrated any potential basis for reconsideration of that ruling, his current motion likewise must be DENIED.

In this district, a party must seek leave of court before filing a motion for reconsideration of an interlocutory order. Civ. L.R. 7-9(a). The party seeking leave must show reasonable diligence and one of the following: (1) a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order, and the moving party in the exercise of reasonable diligence did not know such fact or law at the time of the interlocutory

order; (2) the emergence of new material facts or a change of law occurring after the interlocutory order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order. Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the Court in connection with the interlocutory order. Civ. L.R. 7–9(c).

Plaintiff first asserts the existence of new facts that have developed since the Court's denial of Plaintiff's application for a TRO. Specifically, Plaintiff describes communications in which Defendants allegedly agreed to let Plaintiff speak with Milo and then failed to follow through on that agreement. Plaintiff asserts that those new facts show a likelihood of irreparable harm to Milo. While likelihood of irreparable harm is one of the four factors that must be established by a plaintiff seeking a TRO, *see Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), the Court did not focus on that factor when denying Plaintiff's application. The Court denied Plaintiff relief based entirely upon Plaintiff's failure to establish another of the *Winter* factors, likelihood of success on the merits. The Court concluded that Plaintiff cannot establish a likelihood of success on the merits of his claims because the Court lacks subject matter jurisdiction over those claims under the *Rooker-Feldman* doctrine. *See* Order at 8, ECF 23. Thus Plaintiff's submission of new facts relevant to likelihood of irreparable harm does not provide a potential basis for reconsideration.

Plaintiff next asserts that reconsideration is warranted based upon several decisions addressing the *Rooker-Feldman* doctrine that predate his motion for a TRO but that he did not bring to the Court's attention. Although the latest of those decisions was issued in 2005, Plaintiff argues that his failure to cite them in his TRO application was not caused by a lack of diligence but by the complexity of the *Rooker-Feldman* doctrine and the urgency of the circumstances. Even if the Court were to accept Plaintiff's representations of diligence, the cited cases would not alter the Court's determination that the *Rooker-Feldman* doctrine bars Plaintiff's claims. In *Exxon Mobil Corp.*, the Supreme Court held that "[w]hen there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). However, the Supreme Court

affirmed that district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Id.* at 284. The present case does not involve parallel state and federal litigation – it falls squarely within the latter category of cases in which an individual who lost before a state court impermissibly seeks review of the state court rulings. The other cases cited by Plaintiff likewise fail to support his position. *See, e.g., Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

The Court recognizes Plaintiff's understandable frustration arising from his inability to communicate with Milo or participate in his care. However, this Court lacks jurisdiction to grant Plaintiff the relief that he seeks. Because Plaintiff has failed to present any potential basis for reconsideration of the order denying his application for a TRO, Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: February 29, 2016

_____
BETH LABSON FREEMAN
United States District Judge

3