UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREG STEVEN ELOFSON,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE BIVENS, et al.,<br><br>Defendants. | Case No.  15-cv-05761-BLF<br><br>**ORDER DENYING MOTION TO STAY**<br><br>[Re:  ECF 28] |

Plaintiff Greg Steven Elofson's Motion to Stay, filed March 8, 2016 and docketed as ECF 28, is DENIED for the reasons discussed below.

**I.     BACKGROUND**

Plaintiff Greg Steven Elofson, proceeding pro se, filed this action on December 16, 2015, challenging Arizona state court orders relating to the guardianship and conservatorship of his father, Milo Elofson. *See* Compl., ECF 1.  Plaintiff expressly seeks relief from those Arizona state court orders under Federal Rule of Civil Procedure 60, and he asserts numerous related federal and state law claims arising out of alleged civil rights violations, human trafficking, racketeering, breach of fiduciary duty, attorney malpractice, defamation, negligent infliction of emotional distress, elder abuse, and abuse of process.  *See id.*

Between January 31, 2016 and February 22, 2016, Plaintiff filed a motion for appointment of counsel, a motion for leave to amend his complaint, and an application for a temporary restraining order ("TRO").  *See* Motion for App't of Counsel, ECF 8; Motion for Leave to Amend, ECF 18; Applic. for TRO, ECF 20.  On February 24, 2016, this Court issued an order denying the motion for appointment of counsel and the application for a TRO and granting the motion for leave to amend the complaint.  *See* Order, ECF 23.  Plaintiff timely filed an amended complaint on

March 9, 2016.  *See* First Am'd Compl., ECF 29.

On February 29, 2016, the Court denied Plaintiff's motion for leave to file a motion for reconsideration of the Court's denial of his application for a TRO.  *See* Order Denying Motion for Leave to File Motion for Reconsideration, ECF 25.

## II.  MOTION TO STAY

On March 8, 2016, Plaintiff filed the present Motion to Stay, indicating that Plaintiff "moves to stay the court's judgment while Plaintiff appeals and files an Emergency Motion under Fed. R. App. P. Circuit Rule 27-3 with the Ninth Circuit."  Motion to Stay at 2, ECF 28.  As set forth above, this Court has not issued a judgment in this case.  To the contrary, the Court granted Plaintiff leave to amend his complaint, and Plaintiff timely filed the operative First Amended Complaint in this action on March 9, 2016.  Magistrate Judge Howard Lloyd, to whom this case previously was assigned, granted Plaintiff leave to proceed in this action in forma pauperis.  *See* Order Granting Leave to Proceed In Forma Pauperis and Permission to Participate in Electronic Case Filing, ECF 6.  Pursuant to that order, once Plaintiff provides the Clerk with the names and addresses of all Defendants to be served, the Clerk will issue summons, and service of process will be effected by the United States Marshal for the Northern District of California.  Because the litigation is ongoing, and no judgment has been issued, Plaintiff's motion for a stay of judgment is DENIED.

Although Plaintiff's motion is framed as a motion to stay the Court's "judgment," *see* Motion to Stay at 2, ECF 28, the last line of the motion requests a "stay of proceedings, *see id.* at 21.  To the extent that Plaintiff requests a stay of the entire litigation, the request is governed by the standards set forth by the United States Supreme Court in *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Id.* at 254.  A district court's decision to grant or deny a *Landis* stay is a matter of discretion.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  The moving party has the burden of proving such a stay is justified.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

2

Determining whether to grant a *Landis* stay requires the district court to weigh the competing interests affected by either granting or denying the motion. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). "Among these competing interests are (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Plaintiff's motion does not address these factors. The Court observes that for the most part, the motion simply disputes this Court's determination that Plaintiff's TRO application failed to demonstrate a likelihood of success on the merits because his claims are barred by the *Rooker-Feldman* doctrine. Plaintiff's unsuccessful motion for leave to file a motion for reconsideration was based upon that very point. Plaintiff's attempt to reargue the issue in the present motion is inappropriate. Because Plaintiff has failed to meet his burden of establishing a basis for staying the litigation, any intended motion for such a stay is DENIED.

### III. ORDER

Plaintiff's Motion to Stay is DENIED.

Dated: March 9, 2016

BETH LABSON FREEMAN
United States District Judge