**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GREG STEVEN ELOFSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEPHANIE BIVENS, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05761-BLF<br><br>**ORDER CONDITIONALLY GRANTING DEFENDANT STEVEN MUDD'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF 54] |

　　　Defendant Steven Mudd seeks leave to file under seal his declaration in support of his Motion to Dismiss First Amended Complaint. *See* Amended Administrative Motion to File Under Seal, ECF 54.

　　　"Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). A party seeking to seal judicial records relating to a dispositive motion bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citation omitted). In this district, parties seeking to seal judicial records also must narrowly tailor their requests to "seek sealing only of sealable material." Civil L.R. 79-5(b).

　　　Defendant Mudd's declaration contains information regarding an Adult Protective Services investigation. California law prohibits the disclosure of such information absent court order or other circumstances not present here. *See, e.g.,* Cal. Welfare & Instit. Code §§ 10850, 15633, 15633.5. Compliance with state law constitutes a compelling reason for sealing Defendant Mudd's declaration.

1    However, as a matter of due process, the Court will not consider material in connection
2    with a potentially dispositive motion that is not made available to the opposing party.
3    Accordingly, the Court GRANTS Defendant Mudd's motion but only upon the condition that he
4    provides an unredacted version of the declaration to Plaintiff Elofson.  Defendant Mudd shall
5    notify the Court in writing, on or before May 24, 2016, whether he has provided an unredacted
6    version of the declaration to Plaintiff Elofson.
7    **IT IS SO ORDERED.**

9    Dated:  May 18, 2016

_____
BETH LABSON FREEMAN
United States District Judge