UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREG STEVEN ELOFSON,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE BIVENS, et al.,<br><br>Defendants. | Case No.  15-cv-05761-BLF<br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY EX PARTE MOTION TO COMPEL AUTOPSY**<br><br>[RE:  ECF 80] |

Plaintiff requests that this Court issue an order compelling the Pinal County, Arizona Medical Examiner to perform an autopsy to determine the cause of death of Plaintiff's father, Milo Elofson.  This Court lacks authority to issue the requested order.

"The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  It is unclear whether this Court would have authority to over the subject matter – an autopsy – even if the county agency in question were located within the Northern District of California.  *See Watson v. Manhattan and Bronx Surface Transit Operating Authority*, 487 F. Supp. 1273, 1277 (D.N.J. 1980) ("Just as the federal courts have no jurisdiction to probate a will or administer an estate, or to grant divorces, alimony or custody, so it appears that they have no subject-matter jurisdiction over the disinterment of dead bodies or the conduct of autopsies.") (internal citations omitted).

Moreover, the Pinal County, Arizona Medical Examiner is not located within this District, and thus even if it were a party to this action – which it is not – it almost certainly lacks sufficient minimum contacts with California to render it subject to this Court's personal jurisdiction.  *See*

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (Personal jurisdiction proper only where defendant has sufficient minimum contacts with forum state).

Accordingly, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated:  June 2, 2016

_____
BETH LABSON FREEMAN
United States District Judge

2