UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREG STEVEN ELOFSON,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHANIE BIVENS, et al.,<br><br>    Defendants. | Case No.  15-cv-05761-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL UNDER 28 U.S.C. § 455**<br><br>[Re: ECF 145] |

Plaintiff Greg Elofson has filed a "Motion for Recusal under 28 U.S.C. § 455," requesting that the undersigned disqualify herself from this case. *See* Motion for Recusal, ECF 145. Plaintiff's motion is DENIED for the reasons discussed below.

Plaintiff brings his motion under 28 U.S.C. § 455(a), which provides that: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  That provision "require[s] recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988).  The judge as to whom disqualification is sought properly may determine that the motion is legally insufficient rather than referring the motion to another judge for disposition.  *Id.*

Plaintiff's motion is based on a statement made by the undersigned during the September 8, 2016 hearing on six motions to dismiss.  *See* Motion for Recusal at 2.  Specifically, Plaintiff asserts that the undersigned stated that she would "*never* overturn a state court decision." *Id.*

Plaintiff claims that the statement requires recusal because "the overturning of probate court judgments made in Maricopa County, Arizona" is "[a]bsolutely core" to his case. *Id.*

The statement to which Plaintiff refers was made in the context of explaining that, in the undersigned's view, any of Plaintiff's claims seeking to void the Arizona courts' orders, including orders relating to the conservatorship of Plaintiffs' father, would be barred by the *Rooker-Feldman* doctrine.[1] The statement, which was made during the course of a judicial proceeding and which reflects the undersigned's view of the law, does not provide a basis for recusal under § 455(a), as it does not demonstrate "bias or prejudice stem[ming] from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth*, 862 F.2d at 1388.

Accordingly, Plaintiff's motion for recusal is DENIED.[2]

Dated: September 12, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

[2] The Court observes that Plaintiff may have misconstrued the Court's comments at the hearing regarding his academic and professional qualifications. Plaintiff has provided a recital of those qualifications in his motion brief, apparently in an effort to reassure the Court regarding his abilities and motivations. The Court's comments at the hearing were intended as an acknowledgement of Plaintiff's remarkable academic achievements and exhaustive legal research in this case. The concerns expressed by the Court at the hearing were not directed to Plaintiff's abilities or motivations, but rather to the legal sufficiency of his allegations.