Northern District of California

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| GREG STEVEN ELOFSON,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE MCCOLLUM,<br><br>Defendant. | Case No. 15-cv-05761-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TRANSCRIPT AT GOVERNMENT EXPENSE**<br><br>[Re: ECF 154] |

On February 13, 2017, this Court issued an order ("Order") dismissing Plaintiff's claims against all but one defendant in this action without leave to amend. *See* Order Granting Motions to Dismiss First Amended Complaint Without Leave to Amend, ECF 149. The remaining defendant, Stephanie McCollum, subsequently filed a motion to dismiss which is set for hearing on June 29, 2017. See Motion to Dismiss, ECF 153.

On March 8, 2017, Plaintiff filed a Notice of Appeal of the Order. Notice of Appeal, ECF 151. Plaintiff now requests that he be provided with a transcript of the hearing on the motions addressed in the Order pursuant to his in forma pauperis status. *See* Motion for Transcripts, ECF 154.

A party who has been permitted to proceed in forma pauperis in the district court generally may proceed in forma pauperis on appeal without further authorization, Fed. R. App. P. 24(a)(3), and "[a] litigant who has been granted leave to proceed in forma pauperis on appeal may move to have transcripts produced at government expense," *Tuggles v. City of Antioch*, No. C08-01914 JCS, 2010 WL 3955784, at *1 (N.D. Cal. Oct. 8, 2010). However, transcripts will be provided at government expense *only* "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

The Order from which Plaintiff appeals dismissed some, but not all, defendants in this action and therefore it is not an appealable order. *Maurer v. Individually & as Members of Los Angeles Cnty. Sheriff's Dep't*, 691 F.2d 434, 436 (9th Cir. 1982) ("A dismissal as to some but not all defendants is not a final order as required by 28 U.S.C. § 1291, and is not appealable absent a certification under Fed. R. Civ. P. 54(b)."). The appeal therefore is frivolous, as it is insufficient to transfer jurisdiction to the appellate court. *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) ("[T]ransfer of jurisdiction from the district court to the court of appeals is not effected, however, if a litigant files a notice of appeal from an unappealable order."); *Lopez v. Newport Beach Police Dep't*, No. SA CV 16-02267-VBF-MRW, 2017 WL 729700, at *2 (C.D. Cal. Feb. 27, 2017) ("When a party files a notice of appeal from an interlocutory order or decision and neither a statute nor a district-court certification authorizes an interlocutory appeal under the circumstances, the appeal is considered 'frivolous.'").

Accordingly, Plaintiff's Motion for Transcripts is DENIED without prejudice to renewal in the context of any future appeal from an appealable order or judgment of this Court. This ruling is based solely on the procedural defect discussed above and not on the substance of Plaintiff's appeal.

The Court notes that Plaintiff also has filed a Motion for Transcripts in the Court of Appeals. *See Elofson v. Bivens*, Ct. App. Docket 17-15420, ECF 2. This Court's ruling on the present motion is not intended to and does not affect the authority of the Court of Appeals to conduct an independent evaluation of the Motion for Transcripts presented to it.

**IT IS SO ORDERED.**

Dated: April 19, 2017

BETH LABSON FREEMAN
United States District Judge