UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREG STEVEN ELOFSON,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANIE MCCOLLUM,<br><br>    Defendant. | Case No. 15-cv-05761-BLF<br><br>**ORDER GRANTING DEFENDANT MCCOLLUM'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Re: ECF 153] |

The last defendant remaining in this action, Stephanie McCollum, seeks dismissal of the operative first amended complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) for lack of subject matter jurisdiction and lack of personal jurisdiction, respectively. After completion of briefing, the Court issued an order submitting the motion without oral argument and vacating the hearing which had been scheduled for June 29, 2017. Order Submitting Motion Without Oral Argument, ECF 160. For the reasons discussed below, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

**I.  BACKGROUND**

Plaintiff Greg Steven Elofson ("Elofson"), proceeding *pro se*, filed this action to challenge Arizona state court orders relating to the guardianship and conservatorship of his father, Milo Elofson ("Milo").[1] The underlying facts are well-known to the parties and the Court and need not be recited in full here. In brief, the operative FAC alleges misconduct by several persons who

---

[1] The Court intends no disrespect in referring to Milo Elofson by his first name. It does so only to distinguish him from Plaintiff Greg Elofson.

either participated in Milo's Arizona guardianship and conservatorship proceedings or honored orders issued in those proceedings. *See* FAC, ECF 29. The defendants include: Milo's step-daughter, Pam Dougherty-Elofson ("Dougherty-Elofson"); Elofson's former attorney, Stephanie Bivens ("Bivens"); Milo's court-appointed attorney, Paul Theut ("Theut"); Milo's court-appointed guardian and conservator, Stephanie McCollum ("McCollum"); McCollum's attorney, Lawrence Scaringelli ("Scaringelli"); an employee of Monterey County Adult Protective Services, Steven Mudd ("Mudd"); and Community Memorial Hospital.

The FAC asserts twenty-one claims: (1) relief from the Arizona state court guardianship order; (2) relief from the Arizona state court conservatorship order; (3) relief from the Arizona state court conservatorship order; (4) relief from the Arizona state court guardianship order; (5) breach of duty; (6) attorney malpractice; (7) attorney malpractice; (8) breach of fiduciary duty; (9) defamation; (10) negligent infliction of emotional distress; (11) financial elder abuse; (12) violation of civil rights under 42 U.S.C. § 1983; (13) human trafficking in violation of 18 U.S.C. § 1595; (14) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (15) abuse of process; (16) violation of civil rights under 42 U.S.C. § 1983; (17) violation of civil rights under 42 U.S.C. § 1983; (18) defamation; (19) violation of civil rights under 42 U.S.C. § 1983; (20) defamation; and (21) wire fraud.

On February 13, 2017, the Court granted motions to dismiss brought by six of the seven defendants named in the FAC, without leave to amend. *See* Order Granting Motions to Dismiss First Amended Complaint Without Leave to Amend, ECF 149. The Court noted that the seventh defendant, McCollum, had not yet been served with the summons and complaint. *Id.* at 1 n.2. Because the Magistrate Judge previously assigned to this case granted Elofson's motion to proceed in forma pauperis, Elofson was entitled to have the United States Marshals Service effect service of process on McCollum. Order Granting Leave to Proceed In Forma Pauperis, ECF 6. It appears from the docket that the original summons could not be located by the United States Marshals Service, and that the summons was reissued as to McCollum. Reissued Summons, ECF 150. The docket does not reflect the date upon which service was effected on McCollum, but on March 30, 2017, McCollum filed the present motion to dismiss.

## II. DISCUSSION

Elofson sues McCollum, Milo's court-appointed guardian and conservator, for breach of fiduciary duty (Claim 8), defamation (Claim 9), negligent infliction of emotional distress (Claim 10), financial elder abuse (Claim 11), violation of civil rights under § 1983 (Claims 12 and 19), trafficking (Claim 13), RICO violations (Claim 14), abuse of process (Claim 15), defamation (Claim 20), and wire fraud (Claim 21). Before turning to the substance of McCollum's motion to dismiss these claims, the Court addresses the admissibility of documents submitted by both parties.

The Court may consider evidence beyond the four corners of the complaint when considering a motion to dismiss for lack of subject matter jurisdiction or for lack of personal jurisdiction. *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (subject matter jurisdiction); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (personal jurisdiction). Such evidence must be admissible. *See Lavinia Aircraft Leasing, LLC v. Piper Aircraft Inc.*, No. CV-16-02849-PHX-DGC, 2017 WL 1326140, at *3 (D. Ariz. Apr. 11, 2017) (to defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to make a prima facie showing "based on admissible evidence"); *Yhudai v. Mortg. Elec. Registration Sys., Inc.*, No. CV 15-05035 MMM (JPRx), 2015 WL 5826777, at *7 n.38 (C.D. Cal. Oct. 2, 2015) ("In the Ninth Circuit, however, admissible evidence is required to carry a party's burden of showing that the district court has subject matter jurisdiction to hear an action.").

McCollum requests judicial notice of numerous documents filed in the Arizona guardianship and conservatorship proceedings entitled *In the Matter of the Guardianship and Conservatorship of Milo Elofson*, Maricopa County Superior Court case no. PB 2013-050520. *See* Def.'s RJN, ECF 153-2. Those documents are attached to and authenticated by McCollum's declaration. *See* McCollum Decl., ECF 153-3. McCollum's request for judicial notice is GRANTED. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

Elofson also submits documents for the Court's consideration, including what appears to be an Arizona state court order appointing McCollum as Milo's conservator; a letter from an

1 attorney named John Paul Parks, dated July 15, 2016; and what appears to be an investigative finding regarding alleged misconduct by McCollum in connection with her appointment as guardian in another case unrelated to Milo's case. *See* Pl.'s Opp., ECF 155. Those documents are merely appended to Elofson's opposition brief; they are not authenticated. Accordingly, they are inadmissible and may not be considered by the Court. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("Authentication is a condition precedent to admissibility.") (internal quotation marks and citation omitted omitted).

Even if it were to consider the evidence submitted by Elofson, that evidence would not alter the Court's analysis, as the documents are irrelevant to the jurisdictional issues raised by McCollum's motion to dismiss. The first document, which appears to be an order appointing McCollum as Milo's conservator, does not add any relevant information, as the fact of that appointment is not in dispute. Pl.'s Opp. Exh. A, ECF 155-2. The second document, a letter from an attorney named John Paul Parks, appears to be a response to an inquiry made by an Arizona law firm on behalf of Elofson. Pl.'s Opp. Exh. B, ECF 155-4. In the letter, Mr. Parks states that he does not have any original will or estate planning documents for Milo Elofson; that he previously had mailed a copy of his file relating to Milo Elofson to Greg Elofson; and that he could not disclose any other information under the rules governing attorney-client confidentiality. *Id.* Finally, the third document, which appears to be an investigative finding regarding McCollum's alleged misconduct in connection with another Arizona guardianship unrelated to Milo's guardianship, does not speak to McCollum's contacts with California or any other issue relevant to this Court's jurisdiction over the claims or the parties. Pl.'s Opp. Exh. C, ECF 155-6.

Having clarified which documents may be considered in addressing McCollum's motion, the Court turns to the asserted grounds for dismissal, lack of subject matter jurisdiction and lack of personal jurisdiction.

### A. Rule 12(b)(1) – Subject Matter Jurisdiction

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air*, 373 F.3d at 1039 (9th Cir. 2004). In a facial attack, the

4

movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint. *Id.* In a factual attack, the movant disputes the truth of allegations that otherwise would give rise to federal jurisdiction. *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* Once the moving party has presented evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Id.* Such evidence must be admissible. *Yhudai*, 2015 WL 5826777, at *7 n.38.

McCollum mounts a factual attack to subject matter jurisdiction, asserting that the evidence makes clear that the present action is a de facto appeal of the numerous Arizona state court rulings that were adverse to Elofson, and thus that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars a federal district court from reviewing the final determinations of a state court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

The Court twice has determined that it lacks subject matter jurisdiction over all of the federal claims at issue here. The Court first addressed the application of *Rooker-Feldman* when it denied Elofson's application for a temporary restraining order. *See* Order Denying Plaintiff's Motion for Appointment of Counsel; Denying Plaintiff's Application for a Temporary Restraining Order; and Granting Plaintiff's Motion for Leave to File an Amended Complaint, ECF 23. Elofson subsequently filed the operative FAC, adding among other things a lengthy discussion of the *Rooker-Feldman* doctrine and his opinions as to why *Rooker-Feldman* does not apply to his claims. *See* FAC, ECF 29. The Court considered those amendments when it addressed motions to dismiss brought by six of the seven named defendants. *See* Order Granting Motions to Dismiss First Amended Complaint Without Leave to Amend, ECF 149. The Court once again concluded that *Rooker-Feldman* bars Elofson's federal claims, and in particular determined that all of Elofson's federal claims against McCollum and her attorney, Scaringelli, "depend upon the asserted invalidity of the Arizona state court orders regarding Milo's guardianship and

5

1 conservatorship." *Id.* at 27-28.

2 McCollum argues that under the reasoning set forth in the Court's prior orders, Elofson's federal claims against her are barred by *Rooker-Feldman*. In opposition, Elofson simply disagrees with the Court's application of the *Rooker-Feldman* doctrine. The Court has considered Elofson's arguments against the backdrop of the documents from the Arizona proceedings submitted by McCollum, and it remains persuaded that all of Elofson's federal claims against McCollum are barred.

The purpose of the *Rooker-Feldman* doctrine "is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). "*Rooker-Feldman* may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks and citation omitted). "A federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (internal quotation marks and citation omitted).

Elofson's federal claims against McCollum are inextricably intertwined with the Arizona state court proceedings and resulting orders, and Elofson could not prevail on those claims without undercutting the Arizona orders. For example, Claims 12 and 19, asserted under § 1983, allege that the Arizona state court proceedings deprived Plaintiff and Milo of due process and free association rights protected under the Fourteenth Amendment. Claim 13 for trafficking and Claim 14 for RICO violations allege that Defendants' control over Milo's assets and person pursuant to

the Arizona state court orders constitute human trafficking and racketeering activity. Claim 21 for wire fraud alleges that McCollum and Scaringelli committed wire fraud when they asserted McCollum's rights as Milo's guardian and conservator in communications to Mudd and Community Memorial Hospital. All of these claims are premised on the asserted illegality of the Arizona court's rulings and actions taken pursuant to those rulings. Accordingly, they are subject to dismissal under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction.

Having concluded that all federal claims remaining in the FAC are subject to dismissal, the Court declines to exercise supplemental jurisdiction over Elofson's state law claims. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). Here, the case is still at the pleading stage. Under these circumstances, the Court perceives no reason to exercise supplemental jurisdiction over Elofson's state law claims.

### B. Rule 12(b)(2) – Personal Jurisdiction

A party may challenge the Court's personal jurisdiction over it by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Ranza*, 793 F.3d at 1068. The plaintiff may meet that burden by submitting affidavits and discovery materials. *Id.* "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (internal quotation marks and citation omitted). "[T]he plaintiff cannot simply rest on the bare allegations of its complaint," but when evaluating the plaintiff's showing, the court must accept uncontroverted allegations in the complaint as true and resolve factual disputes created by conflicting affidavits in the plaintiff's

7

favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks and citation omitted). Such evidence must be admissible. *See Lavinia Aircraft Leasing,* 2017 WL 1326140, at *3.

McCollum seeks dismissal for lack of personal jurisdiction based on her declaration stating that she resides in Mesa, Arizona; she is a licensed fiduciary only in the State of Arizona; she has not spent any significant time in California other than an eighteen-month period spent working at an architectural firm in California, which occurred thirty-six years ago; she does not do business or advertise in California; and she does not own or lease property in California. McCollum Decl. ¶¶ 29-31, ECF 153-3. Elofson asserts that McCollum is subject to personal jurisdiction in this Court under RICO's "ends of justice" provision, 18 U.S.C. § 1965(b). Although he argued in opposition to other defendants' Rule 12(b)(2) motions that personal jurisdiction existed under California's long-arm statute, Elofson does not make that argument with respect to McCollum. Because Elofson has the burden to establish personal jurisdiction, the Court limits its consideration of personal jurisdiction to the RICO statute asserted in his brief.

Under 18 U.S.C. § 1965(b), a district court may exercise personal jurisdiction over non-resident participants in an alleged RICO conspiracy, even if those parties otherwise would not be subject to the court's jurisdiction, if "the ends of justice" so require. This "ends of justice" provision permits a court, consistent with the purpose of the RICO statute, to "enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial." *Butcher's Union Local No. 498, United Food & Comm. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). This power is not unlimited, however. In order for a court to exercise personal jurisdiction through the "ends of justice" provision, "the court must have personal jurisdiction over at least one of the participants in the alleged multi-district conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged coconspirators." *Id.* at 539.

Elofson asserts a single claim under RICO (Claim 14), in which he alleges that Dougherty-Elofson, Bivens, Theut, Scaringelli, and McCollum engaged in a pattern of racketeering activity. FAC ¶¶ 586-605, ECF 29. All five of the alleged conspirators are alleged to be residents of

8

Arizona. FAC ¶ 119.[2] Because the United States District Court for the District of Arizona would have personal jurisdiction over all the alleged coconspirators, the "ends of justice" provision does not apply.

Elofson asserts that Defendants Mudd and Community Memorial Hospital, both California residents, are RICO coconspirators. Pl.'s Opp. at 15-16, ECF 155. However, Mudd and Community Memorial Hospital are not named as coconspirators in the FAC, and the Court previously concluded that Elofson could not amend his pleading to make out a plausible claim that Mudd and Community Memorial Hospital were part of the alleged conspiracy. *See* Order Granting Motions to Dismiss First Amended Complaint Without Leave to Amend, ECF 149. The Court therefore dismissed Elofson's claims against Mudd and Community Memorial Hospital without leave to amend. *Id.* Elofson nonetheless argues in opposition to McCollum's motion that he should be granted leave to amend to add conspiracy allegations against Mudd and Community Memorial Hospital. Elofson did not seek reconsideration of the Court's order dismissing his claims against Mudd and Community Memorial Hospital when it issued, and he has not presented any factual or legal basis for reconsideration of that ruling now.

Moreover, as discussed above, Elofson has the burden of coming forward with *evidence* sufficient to make a prima facie showing of personal jurisdiction. Elofson has not submitted any admissible evidence in opposition to McCollum's motion.

### C. Conclusion

In conclusion, McCollum has presented evidence showing that this Court lacks subject matter jurisdiction over Elofson's federal claims and lacks personal jurisdiction over her. Elofson has not satisfied his burden to present evidence sufficient to establish the existence of subject matter jurisdiction or to make a prima facie showing of personal jurisdiction. Accordingly, McCollum's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

---

[2] The parties' residences are listed in an unnumbered paragraph subheaded "PARTIES" located between paragraph 119 and 120. *See* FAC at pp. 40-41, ECF 29. For ease reference, the Court treats this unnumbered paragraph as part of paragraph 119.

9

This order is without prejudice to Elofson's pursuit of his claims in an appropriate forum having both subject matter jurisdiction over the claims and personal jurisdiction over the parties.

### III. ORDER

(1) Defendant McCollum's motion to dismiss for lack of subject matter jurisdiction is GRANTED WITHOUT LEAVE TO AMEND as to the federal claims alleged in the FAC. Absent a viable federal claim, the Court DECLINES to exercise supplemental jurisdiction over the state law claims alleged in the FAC.

(2) Defendant McCollum's motion to dismiss for lack of personal jurisdiction is GRANTED WITHOUT LEAVE TO AMEND.

(3) This order is without prejudice to Plaintiff Elofson's litigation of his claims in an appropriate forum.

Dated: July 6, 2017

BETH LABSON FREEMAN
United States District Judge